# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

Lyle W. Cayce
Clerk

No. 09-20429
Summary Calendar

MICHAEL LANE,

Plaintiff-Appellant

v.

JOHN DOE, Captain; JOHN DOE, Sergeant; JOSEPH G. HEJL, III, Jailer; JAIR SANTANA, Jailer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-3739

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Lane, Texas prisoner # 1238595, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 complaint, asserting claims of excessive force, denial of adequate medical care, and retaliation, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).  Lane's motion for an extension of time to file a reply brief is GRANTED.  His motions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to strike the appellee's brief and to order the unserved defendants to file a brief are DENIED.

We review the district court's grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Lane was required under § 1997e(a) to exhaust administrative remedies before filing suit. *See* § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95 (2006). Because exhaustion is an affirmative defense, Jair Santana, the party moving for summary judgment, had the burden to demonstrate that Lane failed to exhaust available administrative remedies and was required to establish "beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment" in his favor. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Viewing the evidence in the light most favorable to Lane, the summary judgment evidence reveals no genuine issue of material fact on the issue whether Lane failed to complete the required steps of the Harris County Jail grievance procedure with respect to his November 30, 2004, grievance, which alleged excessive force by Joseph G. Hejl III. Lane's grievance raised no allegations involving Santana, Sergeant John Doe, or Captain John Doe and did not allege delayed medical care or retaliation. Because Lane failed to complete the administrative review process, the district court did not err in dismissing Lane's complaint for failure to exhaust administrative remedies. *See Ngo*, 548 U.S. at 93. We find no error in the decision to award summary judgment to the unserved defendants. *See NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 965 (5th Cir. 1991).

AFFIRMED.